[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11786
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 3, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00457-CR-5-UWC-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIAN B. BURNETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(September 3, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Julian B. Burnett appeals from his conviction for public lewdness on federal

property, pursuant to 16 U.S.C. § 668dd and 50 C.F.R. § 27.83, following a jury

trial before a magistrate judge.[1] He argues that the magistrate judge's instruction to the jury -- that the requirement that the lewd conduct would offend or alarm means that the "conduct would offend or alarm the observer of the conduct or anyone else who was likely to observe the conduct" -- was over-broad in that it used an objective rather than a subjective test, even though the actual observer of Burnett's conduct was an undercover operative who was present at the refuge to observe precisely such conduct. After careful review, we affirm.

We review the legal correctness of a jury instruction de novo. United States v. Prather, 205 F.3d 1265, 1270 (11th Cir. 2000). We review alleged errors in a jury instruction to determine whether the court's charge, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues involved and were not misled. United States v. Shores, 966 F.2d 1383, 1386 (11th Cir. 1992) (internal quotations omitted). If the instructions accurately reflect the law, we give the trial judge wide discretion in determining the style and wording of the instructions. United States v. Trujillo, 146 F.3d 838, 846 (11th Cir. 1998).

Congress authorized the Secretary of the Interior, through the U.S. Fish and Wildlife Service, to administer the National Wildlife Refuge System "for the

---

[1] Burnett consented at his arraignment to trial before a magistrate judge, pursuant to 28 U.S.C. § 636(c). Although he moved to withdraw that consent, the district court denied his motion.

2

benefit of present and future generations of Americans." 16 U.S.C. § 668dd(a)(1)-(2). Pursuant to this authority, the Secretary promulgated regulations governing the National Wildlife Refuge System, one of which prohibits visitors from performing "[a]ny act of indecency or disorderly conduct as defined by State or local laws . . . on any national wildlife refuge." 50 C.F.R. § 27.83. Burnett was convicted of public lewdness while on the Wheeler National Wildlife Refuge in Decatur, Alabama, in violation of this regulation.

The Alabama Code states that an individual commits the offense of public lewdness if:

> (1) He exposes his anus or genitals in a public place and <u>is reckless about whether another may be present</u> who will be offended or alarmed by this act; or
>
> (2) He does any lewd act in a public place <u>which he knows is likely to be observed by others</u> who would be affronted or alarmed.

Ala. Code § 13A-12-130(a)(1), (2) (1975) (emphases added).

We find no merit to Burnett's challenge to the jury instruction. The language used by the magistrate judge in the instruction -- including "anyone else who was likely to observe the conduct" -- adequately denoted the meaning of the Alabama law on public lewdness, <u>see id.</u>, so as not to mislead the jury. <u>See Shores</u>, 966 F.2d at 1386. Indeed, the jury heard the undercover operative who observed Burnett's conduct testify about the incident. The officer said that while he was

3

conducting observation at the Wheeler National Wildlife Refuge, Burnett stopped approximately a foot and a half from him, had a brief, "general conversation" with him, and then grew silent for approximately 10 seconds before unzipping his pants, exposing his penis, masturbating, and asking the officer to perform oral sex on him. The officer further testified that the incident was "upsetting." Thus, under either the magistrate's wording, or that of the Alabama statute, the trial testimony established the offense of public lewdness.

Moreover, while Burnett argues that the commentary to Ala. Code § 13A-6-68 suggests that only a subjective test should be applied to indecent exposure and other offenses in chapter 6, that commentary expressly differentiates the crime of indecent exposure from that of public lewdness, as the offense of public lewdness is itself contained in chapter 12, concerning "Offenses Against Public Health and Morals." See Ala. Code § 13A-12-130 (1975). For these reasons, the magistrate judge did not err in instructing the jury.

**AFFIRMED.**